UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jamie Terrell Henderson**, #12312 )<br>*aka Jamie Henderson* )<br>*aka Jamie T Henderson* )<br>                                                    )<br>                     Plaintiff,         )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>**Lee Foster**, Sheriff of Newberry County; )<br>**R. Tunstall**, Judge in Greenwood County; )<br>**NFN Kitchen**, Lt. of Newberry County Detention )<br>Center; and                                )<br>**NFN Clalahan**, Officer at Newberry County Detention )<br>Center,                                       )<br>                     Defendants.     )<br>_____ ) | C/A No. 8:07-1785-CMC-BHH<br><br>Report and Recommendation<br>for summary dismissal<br>for defendant Tunstall |

In this *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983, the undersigned recommends that defendant Tunstall be summarily dismissed without service of process. The other defendants should be served with process, which is directed in a separate Order entered in conjunction with this report and recommendation.

<u>Review Under 28 U.S.C. § 1915A</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff is a prisoner[1] under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under the review required by 28 U.S.C. § 1915A, a complaint may be dismissed if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### *Pro Se* Pleadings

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Although the plaintiff was incarcerated at the time he filed the complaint, it appears that he was released on August 13, 2007.

Discussion

The plaintiff alleges that defendant Judge R. Tunstall sentenced him to six months in a Greenwood County domestic relations case. He alleges that he should have been required to serve ninety days in jail, which is approximately 50% of the sentence but that the defendants required him to serve 83% of six months in jail, and the plaintiff seeks compensatory damages. The plaintiff sued defendant Tunstall for "being a Judge and taking the Barr Exam knows the statues of law and refuses to mandate them to be clear to the courts on such procedures to insure things of this nature don't happen." Essentially, the plaintiff brought suit against defendant Tunstall for his failure to clearly instruct the county clerk of court or county jail that the plaintiff only had to serve 50% of the sentence. This complaint relates to defendant Tunstall's alleged wrong-doings in his judicial capacity; therefore, he is entitled to judicial immunity from suit.

The portion of the complaint which brings suit against defendant Tunstall is subject to dismissal under 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii). Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense

to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Accordingly, defendant Tunstall is entitled to summary dismissal based upon absolute immunity.

## Recommendation

Based on the foregoing, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process as to defendant Tunstall only.  See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*The petitioner's attention is directed to the important notice on the next page.*

s/Bruce Howe Hendricks
United States Magistrate Judge

August 20 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).